MITTELBURG, *Plaintiff in Error*, v. HARRISON.

1. **Voluntary Conveyance** : FRAUD. The question whether a vol-untary conveyance is fraudulent must be determined from all the circumstances.

2. ———— : ———— : PRACTICE. In order to set aside a prior voluntary conveyance at the suit of a subsequent creditor, actual fraud must be proved.

3. ———— : EQUITY OF REDEMPTION : PRACTICE. A voluntary convey-ance of an equity of redemption in premises so covered by prior

Mittelburg v. Harrison.

encumbrances, as that no benefit could possibly inure to a subsequent creditor, will not, in the absence of proof of actual fraud, be set aside at the suit of such a creditor. *

*Error to the St. Louis Court of Appeals.*

AFFIRMED

*E. P. Johnson* for plaintiff in error.

*N. Oscar Gray* for defendant in error.

NORTON, C. J.—This cause is before us on a writ of error prosecuted by plaintiff from the judgment of the St. Louis court of appeals affirming the judgment of the circuit court of the city of St. Louis, dismissing his bill.

We are satisfied, after an investigation of all the matters in the record before us, that plaintiff, who became a creditor of George A. Maguire subsequently to the execution by said George to defendant, Harrison, of the deed which he assails in this suit, on the ground that it was made in fraud of creditors, has failed in his proof to show fraud in the transaction. The opinion of the court of appeals is reported in 11 Mo. App. 136, where the facts and the law applicable to them are fully stated, and without reiterating them here we affirm the judgment.

---

*These syllabi are taken from 11 Mo. App. 136.